**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTHONY L. COOPER,**

    **Plaintiff,**

**vs.**                                                         **CASE NO. 5:04cv510-MP/AK**

**LARRY SPALDING, et al,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause as a civil rights complaint alleging that attorney Larry Spalding did not return his documents to him and his complaint to John Harkness at the Florida Bar about Spalding went unresolved. (Doc. 1). Having reviewed this complaint under 28 U.S.C. §1915A, the Court finds that it should be dismissed for failure to state a claim.

"To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704

F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983). In other words, Plaintiff must allege that Defendant "deprived him of a right secured by the 'Constitution and laws' of the United States" and that the Defendant did so "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978). As written, Plaintiff fails to allege facts sufficient to constitute a constitution deprivation under § 1983.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), and that the Order adopting this report and recommendation include the notation that this dismissal constitutes a strike under 28 U.S.C. §1915(g).

**IN CHAMBERS** at Gainesville, Florida, this  **15th** day of July, 2005.

        s/ A. KORNBLUM
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

  A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after

**No. 5:04cv510-mmp/ak**

**being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:04cv510-mmp/ak**